In re GREYSTONE NEVADA, LLC;
U.S. Home Corporation,

Greystone Nevada, LLC; U.S. Home
Corporation, Petitioners,

v.

United States District Court for
the District of Nevada, Las
Vegas, Respondent,

Anthem Highlands Community Associ-
ation; Fiesta Park Homeowners' As-
sociation, Real Parties in Interest.

No. 13–70546.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2013.

Filed Nov. 20, 2013.

Richard S. Ruben, Esquire, Senior, Dar-
ren K. Cottriel, Jones Day, Irvine, CA,
Gregory H. King, Sarah J. Odia, Payne &
Fears LLP, Las Vegas, NV, Matthew J.
Silveira, Jones Day, San Francisco, CA,
for Petitioners.

Scott Canepa, Canepa Riedy & Rubino, James D. Carraway, Sr., Esquire, Senior Litigating, Carraway & Associates LLC, Jennifer C. Dorsey, Esquire, J. Randall Jones, Kemp Jones & Coulthard LLP, Troy L. Isaacson, Esquire, Maddox, Isaacson & Cisneros, LLP, Francis I. Lynch, Esquire, Lynch Hopper Salzano & Smith, Las Vegas, NV, Robert C. Maddox, Esquire, Robert C. Maddox & Associates, Reno, NV, Terry Riedy, Canepa Riedy & Rubino, Las Vegas, NV, for Real Parties in Interest.

Before: TASHIMA, W. FLETCHER, and NGUYEN, Circuit Judges.

## MEMORANDUM *

In their petition for a writ of mandamus, "Petitioners seek an order directing the district court to dismiss the HOAs' [Home Owner Associations'] counterclaims...." Since the filing of the petition, however, those counterclaims have been dismissed by the district court. This mandamus proceeding, therefore, has been rendered moot because Petitioners have already obtained all of the relief they seek in this proceeding. *See ACF Indus., Inc. v. Cal. State Bd. of Equalization*, 42 F.3d 1286, 1292 (9th Cir.1994) (dismissing as moot an appeal from the denial of a motion to dismiss certain claims where the district court had subsequently dismissed those claims).

Petitioners contend that this proceeding has not been mooted by the dismissal of the HOAs' counterclaims because there re-

main issues on which they seek a ruling from this court. Those issues, however, are not yet ripe for adjudication because the district court has not yet rendered a definitive ruling on them. Even if they were ripe, they do not meet the five-factor *Bauman* test to justify issuance of the writ. *See Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir.1977).

The petition is **DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.